## Eshleman v. Woerner

*Alfred C. Alspach,* for exceptants.

*Marshall M. Cohen,* contra.

WISSLER, P. J., July 18, 1958.—Exceptions have been filed to the sheriff's schedule of distribution of the proceeds realized from the sale of real estate on an execution issued by H. Frank Eshleman, now to the use of Margaret D. Eshleman, against Paul Woerner with notice to Walter E. Woerner, terre tenant. Premises known as tract no. 4 situate in Eden Township,

Lancaster County, containing .356 of an acre was sold on April 18, 1958, at sheriff's sale to Louis Weisman, attorney for Daniel Kauffman, for $1,244, which amount was paid into the sheriff's office by the purchaser and on June 7, 1958, the sheriff executed and delivered a deed for said tract no. 4 to the purchaser, Daniel Kauffman.

The sheriff filed the following schedule of distribution:

| "Proceeds of Sale | $1,244.00 | |
| "Deduct Costs | 217.90 | |
| "Balance | $1,026.10 | |
| "Distribution as follows: | | |
| "Tax Claims Eden Township | | $217.55 |
| "Tax Liens School Dist. of Eden Twp. | | 61.77 |
| "Margaret D. Eshleman, Judgt. 1958 #764 | | 746.78" |

Exceptions were filed to the sheriff's schedule of distribution by Public Finance Service of Lancaster, Inc., alleging that: "(1) The Sheriff of Lancaster County erred in the said schedule of distribution by scheduling the judgment of Margaret D. Eshleman (1958 No. 764) as entitled to the balance of the fund, after payment of taxes, in the amount of $746.78; and that (2) The Sheriff of Lancaster County erred in said schedule of distribution by not scheduling the judgment of exceptant, Public Finance Service of Lancaster, Inc., in its first place of priority after said tax claim. Said judgment is entered in Prothonotary's Office to 1957 Term, No. 2848, and was entered prior to judgment of Margaret D. Eshleman (1958, No. 764) referred to above."

It was stipulated on June 17, 1958, by counsel for the execution creditor, the execution debtor, the pur-

chaser at sheriff's sale, Daniel Kauffman and Public Finance Service of Lancaster, Inc., that the following facts, as condensed, are necessary to dispose of the exceptions:

Defendant, Paul Woerner, on December 21, 1949, became the owner of tract no. 4 situate in Eden Township, Lancaster County, containing .356 of an acre of land and while such owner he executed and delivered a mortgage and bond to H. Frank Eshleman in the amount of $800 dated October 16, 1950, and recorded in the Recorder's Office of Lancaster County in Mortgage Book 587, p. 21. While Paul Woerner was the owner of a larger tract containing 3.57 acres, of which tract no. 4 was a part, he executed and delivered to H. Frank Eshleman another mortgage in the amount of $1,000 dated June 15, 1950, and recorded in the Recorder's Office of Lancaster County in Mortgage Book 572, p. 169, which mortgage covered 1.86 acres of the larger tract. On June 24, 1954, Paul Woerner and wife conveyed to their son, Walter E. Woerner, said tract no. 4 which deed is recorded in the Recorder's Office of Lancaster County in Deed Book R. vol. 43, p. 339. While Walter E. Woerner was the owner of tract no. 4 he became obligated on judgments executed by himself and wife as follows: "(a) Judgment held by Daniel Kauffman in the amount of $750.00 and filed on October 12, 1954 to 1954 judgments, #2697; (b) Judgment held by Seaboard Finance Company in the amount of $335,90 and filed October 5, 1956 to 1956 judgments, #2713; and (c) Judgment held by Public Finance Service of Lancaster, Inc., in the amount of $600.00 and filed on October 8, 1957 to 1957 judgments, #2848." On October 15, 1957, Seaboard Finance Company assigned to Daniel Kauffman the above judgment #2713, 1956, in the amount of $335.90, and on November 1, 1957, Daniel Kauffman

took title to tract no. 4 from Walter E. Woerner and wife which deed was recorded on November 4, 1957, in the Recorder's Office of Lancaster County in Deed Book Z, vol. 45, p. 474, for a recited consideration of $1,839.

It is further stipulated as follows: "(10) On August 16, 1950, H. Frank Eshleman satisfied the mortgage covering 1.86 Acres of land, which had been recorded in Mortgage Book 572, Page 169, in the amount of $1,000.00, but never returned the bond to Paul Woerner; (11) On March 22, 1958, Margaret D. Eshleman, assignee of H. Frank Eshleman, entered the bond of Paul Woerner in the sum of $1,000.00 dated June 15, 1950, but the mortgage of which covered 1. 86 Acres of land; (12) That an execution was issued on a judgment entered on this $1,000.00 bond to 1958 Term, #764, and the execution docket bears April Term 1958, #82. The praecipe recites the real debt as being $691.20, with interest from October 1, 1955, at five per cent, a collection fee of five per cent and costs; (13) That at the time of the Sheriff Sale on Friday, April 18, 1958, the legal owner of the property was Daniel Kauffman; (14) That the premises described as Tract #4 above, was purchased at Sheriff Sale on Friday, April 18, 1958, by Daniel Kauffman through his Attorney, Samuel S. Wenger, Esquire; (15) That the mortgage in the face amount of $800.00 mentioned in paragraph #3 above, and covering Tract #4 above, now owned by Daniel Kauffman, is unpaid and unsatisfied on the records; (16) That as a result of the mistake on the part of the execution creditor, judgment was entered on a bond which was accompanied by mortgage entered to Mortgage Book 572, page 169, which said mortgage had been paid and was satisfied on the record; and (19) That the principal

balance due and owing Public Finance Service of Lancaster, Inc., on its judgment is $555.20."

These facts present the following legal question for the court's determination: Was there a merger of the two judgments held by Daniel Kauffman so as to make the judgment held by Public Finance Service of Lancaster, Inc., a first lien?

As the execution was on the $1,000 bond not related to the mortgage as the mortgage itself had been satisfied, the lien of the judgment entered on the bond not secured by a mortgage cannot date back, but dates only from its entry, or March 22, 1958, which is subsequent in lien to the other three judgments. Therefore, at the time of the execution, there were three judgment liens against tract no. 4 sold at sheriff's sale. The first two of these were and are held by Daniel Kauffman. The first was originally entered in the name of Daniel Kauffman and the second was assigned to him by Seaboard Finance Company. The holder of these first two judgments is the same Daniel Kauffman who became the owner of tract no. 4 by deed from Walter E. Woerner and wife dated November 1, 1957, and on June 7, 1958, by deed from the Sheriff of Lancaster County.

It is the contention of exceptant, Public Finance Service of Lancaster, Inc., that the lien of both these judgments was extinguished by merger when the judgment creditor, Daniel Kauffman, became the owner of the property in question and that the judgment of exceptant became the only remaining lien. In 6 Standard Pa. Practice 832, §441, it is said: "A judgment or execution lien is extinguished by operation of law where the judgment creditor becomes the owner of the land upon which his judgment is a lien." This court feels that the reasoning in the case of Koons v. Hartman, 7 Watts 20, applies to the instant case. In that case a judgment creditor acquired from a judgment debtor

certain land and then made a conveyance of it. The court held that the judgment creditor from the moment he became the owner of the land, held it free from the the lien of his judgment and that the judgment was not revived by his transfer of the land. The court said at pages 24 and 25 of the opinion:

"Besides, he [the judgment creditor] must be viewed as having held the land, from the moment he became the owner of it, entirely free from all lien on account of the judgment; because, being the owner (as it most clearly appears from the evidence) of the judgment, when he bought the land from Snell, the defendant in the judgment, the lien of the judgment thereby became extinct through operation of law; there being no agreement made, or intention manifested at the time, to continue it for any purpose whatever. And, indeed, having become the absolute owner of the land, and being so also of the judgment, at the same time, it is not very easy to conceive why the lien should have continued to exist longer: because it would be idle, if not perfectly absurd and ridiculous for a creditor to wish that his own property should be bound for the payment of a debt owing to himself; it is even difficult, if not impossible, to conceive how this could be. The lien of the judgment, then, having thus become extinct, it cannot be imagined that the subsequent transfer of either the judgment or the land should revive it again, so as to affect the purchaser of the latter."

While a merger is a question of intention, in the case at bar there was no intention manifested at the time to continue the two liens as is further evidenced by the stated consideration of $1,839 in the deed to Daniel Kauffman from Walter E. Woerner and wife, dated November 1, 1957.

And now, July 18, 1958, the exceptions filed by the Public Finance Service of Lancaster, Inc., are sus-

tained and it is ordered that the sheriff's schedule of distribution be amended as follows:

| | |
|---|---|
| Proceeds of sale | $1,244.00 |
| Deduct costs | 217.90 |
| | |
| Balance | $1,026.10 |

Distribution as follows:

| | |
|---|---|
| Tax Claims Eden Township | $217.55 |
| Tax Liens School District Eden Township | 61.77 |
| Public Finance Service of Lancaster, Inc., Judgment 1957, no. 2848 | 555.20 |
| Margaret D. Eshleman, Judgment 1958, no. 764 | 191.58 |